# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0303V
### Filed: January 17, 2018
UNPUBLISHED

LORA BELLE BROWN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Pneumococcal Conjugate Vaccine;
Shoulder Injury Related to Vaccine
Administration (SIRVA)

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a Prevnar 13 pneumococcal conjugate vaccine administered to her on September 3, 2015. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters

On October 2, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On January 16, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $97,500.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $97,500.00 in the form of a check payable to petitioner, Lora Belle Brown.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> <u>**s/Nora Beth Dorsey**</u>
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

LORA BELLE BROWN, )
 )
 Petitioner, )
 )
 v. ) No. 17-303V
 ) Chief Special Master Nora Beth Dorsey
SECRETARY OF )
HEALTH AND HUMAN SERVICES, )
 )
 Respondent. )
 )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 2, 2017, respondent filed a Vaccine Rule 4(c) report concluding that

petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury

Act of 1986, as amended, 42 U.S.C. §§300aa-10 to -34. Accordingly, on October 2, 2017, the

Chief Special Master issued a Ruling on Entitlement.

**I. Compensation for Vaccine Injury-Related Items**

Respondent proffers that, based on the evidence of record, petitioner should be awarded

$97,500.00. This amount represents all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II. Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as a

lump sum payment of $97,500.00, in the form of a check payable to petitioner.[1] Petitioner is a

competent adult. Evidence of guardianship is not required in this case. This amount accounts

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail: lara.a.englund@usdoj.gov

Dated: January 16, 2018